IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN BAR ASSOCIATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09-cv-01636-RBW |
| ) | |
| **FEDERAL TRADE COMMISSION,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FEDERAL TRADE COMMISSION'S ANSWER**

Defendant Federal Trade Commission hereby answers the complaint in this matter by admitting or denying the numbered paragraphs of the complaint as follows (the paragraph prior to the numbered paragraphs constitutes plaintiff's description of this action, to which no response is required):

1. This paragraph constitutes plaintiff's description of this action, to which no response is required.

2. Defendant denies the first and second sentences. With respect to the third sentence, in light of the Court's October 30, 2009 Order (Docket Entry No. 15), defendant denies that it intends to enforce the Joint Final Rules and Guidelines, Identity Theft Red Flags and Address Discrepancies Under the Fair and Accurate Credit Transactions Act of 2003, 72 Fed. Reg. 63,718 (Nov. 9, 2007) ("Red Flags Rule"), against the legal profession beginning on November 1, 2009.

3. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of this paragraph.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first and third sentences of this paragraph. With respect to the second sentence, defendant admits that plaintiff has promulgated Model Rules of Professional Conduct, and the remainder of that sentence constitutes plaintiff's characterization of those rules as to which no response is required.

5. Admit.

6. Defendant admits the first, second, and fourth sentences of this paragraph. With respect to third sentence, defendant admits that it took the position in the "FTC Extended Enforcement Policy: Identity Theft Red Flags Rule, 16 CFR 681.1" issued on April 30, 2009 ("April 30 Extended Enforcement Policy") that it could enforce the Red Flags Rule against attorneys who are subject to the Red Flags Rule.

7. Admit.

8. Admit.

9. Defendant denies the first sentence and admits the second sentence.

10. Admit.

11. Admit.

12. This paragraph constitutes plaintiff's legal characterization of the Fair and Accurate Credit Transactions Act of 2003 (the "FACT Act"), Pub. L. No. 108-159, 117 Stat.1952, and no answer is required.

13. Defendant admits the first sentence. Defendant admits that the quoted language in the second sentence appears in Section 114 of the FACT Act (*codified at* 15 U.S.C. § 1681m(e)).

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Defendant denies that the Board of Governors of the Federal Reserve System ("Board") is an "executive agency," and admits the rest of the sentence.

19. This paragraph constitutes plaintiff's legal characterization of the Joint Notice of Proposed Rulemaking, Identity Theft Red Flags and Address Discrepancies Under the Fair and Accurate Credit Transaction Act of 2003, 71 Fed. Reg. 40,786 (July 18, 2006) ("Proposed Red Flags Rule") and no answer is required.

20. Deny.

21. Defendant denies that the Board is an "executive agency," and admits the rest of the sentence.

22. Defendant admits that the quoted language is contained in the Red Flags Rule, 72 Fed. Reg. 63,718, at 63,772 (*codified at* 16 C.F.R. § 681.2 (2007)), and that this provision was subsequently recodified at 16 C.F.R. § 681.1 (2009). The remainder of this paragraph constitutes plaintiff's legal characterization and no answer is required.

23. Deny.

24. Defendant denies the first sentence. With respect to the second sentence, defendant admits that the FTC Business Alert, "New 'Red Flag' Requirements for Financial Institutions and Creditors Will Help Fight Identity Theft" (June 2008) contains the quoted language.

25. Admit.

26. Admit.

27. Defendant admits that it issued a press release on October 22, 2008 that contained the quoted language, and denies the remainder of this paragraph.

28. Admit.

29. Deny.

30. Admit.

31. Defendant admits that its Chairman stated in the April 30, 2009 press release that there was an "ongoing debate about whether Congress wrote [Section 114 of the FACT Act] too broadly."

32. Admit.

33. This paragraph constitutes plaintiff's characterization of the April 30 Extended Enforcement Policy, and no response is required.

34. Defendant admits that a footnote to the April 30 Extended Enforcement Policy contains the quoted language. The remainder of that sentence constitutes plaintiff's characterization of the April 30 Extended Enforcement Policy and no response is required.

35. This paragraph constitutes argument and no answer is required.

36. The first, third, and fourth sentences constitute argument as to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second sentence.

37. The first, third and fourth sentences constitute argument as to which no response is required. The second sentence constitutes plaintiff's legal characterization of 15 U.S.C. § 1691(a) and no response is required.

38. This paragraph constitutes argument as to which no response is required.

39. Defendant admits the first sentence. With respect to the second and third sentences, defendant admits that opinion of the United States Court of Appeals for the District of Columbia Circuit, *American Bar Association v. Federal Trade Commission*, 430 F.3d 457 (D.C. Cir. 2005), contains the quoted language.

40. This paragraph constitutes argument as to which no response is required.

41. Deny.

42. Admit.

43. Defendant admits that the press release issued by the Commission on July 29, 2009, "FTC Announces Expanded Business Education Campaign on 'Red Flags' Rule" ("July 29 Press Release"), contains the quoted language.

44. The first and second sentences constitute plaintiff's characterization of the July 29 Press Release and no response is required. With respect to the third sentence, defendant admits that the July 29 Press Release contains the quoted language. Defendant denies the fourth and fifth sentences.

45. Defendant admits that state government agencies are authorized to enforce the FACT Act. *See* 15 U.S.C. §§ 1681m(h)(8), 1681s(c). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph.

46. This paragraph constitutes plaintiff's characterization of *The Red Flags Rule: Frequently Asked Questions* issued by the defendant on June 11, 2009 ("Commission's FAQs") and no response is required.

47. With respect to this paragraph, defendant admits that the Commission's FAQs, ¶ E.3. contains the quoted language.

48. With respect to this paragraph, defendant admits that the Commission's FAQs,

¶ E.4. contains the quoted language.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this paragraph.

50. Deny.

51. Defendant admits the first, fourth, and fifth sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second and third sentences. Defendant denies the sixth and seventh sentences.

52. Defendant denies the first and fifth sentences. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the second and third sentences. The fourth sentence constitutes argument as to which no response is required.

53. Admit.

54. No answer is required to this paragraph.

55. Admit.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. No answer is required to this paragraph.

62. Defendant admits that 5 U.S.C. § 706(2)(A) states that a reviewing court shall hold unlawful and set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

63. Deny.

64. Deny.

65. No answer is required to this paragraph.

66. Deny.

67. Deny.

The remainder of this complaint constitutes plaintiff's prayer for relief, to which no answer is required.

                                      Respectfully submitted,

                                      WILLARD K. TOM
                                      General Counsel

                                      JOHN F. DALY
                                      Deputy General Counsel for Litigation

By: /s/ Michael D. Bergman
     MICHAEL D. BERGMAN
     D.C. Bar No. 437994
     Attorney
     Federal Trade Commission
     600 Pennsylvania Ave., N.W.
     Room 582
     Washington, D.C. 20580
     (202) 326-3184
     Fax: (202) 326-2477
     mbergman@ftc.gov

Dated: October 30, 2009                           *Counsel for Defendant*
                                                    *Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2009, a true and correct copy of the foregoing Defendant Federal Trade Commission's Answer was served upon the following via the Court's electronic case filing (CM/ECF) system:

James F. Segroves
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
jsegroves@proskauer.com

Steven C. Krane
Rebecca L. Ambrose
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
skrane@proskauer.com
rambrose@proskauer.com

Robert T. Howell, Jr.
Patricia J. Larson
AMERICAN BAR ASSOCIATION
321 N. Clark Street
Chicago, IL 60654
thowell@staff.abanet.org
larsonp@staff.abanet.org

John Vail
CENTER FOR CONSTITUTIONAL
LITIGATION, P.C.
777 Sixth Street, N.W., Suite 520
Washington, D.C. 20001
john.vail@cclfirm.com

I further certify that on October 30, 2009, a true and correct copy of the foregoing Defendant Federal Trade Commission's Answer was served upon the following non-CM/ECF participant, by first class U.S. mail, postage prepaid, in accordance with Fed. R. Civ. P. 5(b) and Local Civil Rule 5.4(d):

David A. Lewis
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299

/s/ Michael D. Bergman
MICHAEL D. BERGMAN
Attorney
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Room 582
Washington, D.C. 20580
(202) 326-3184