## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br><div align="center">Defendant.</div> | Civil Action No. 09-1636 (RBW) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF NEW IDENTITY THEFT RED FLAGS RULE EXTENDED ENFORCEMENT POLICY STATEMENT

On November 3, 2009, Defendant Federal Trade Commission (the "Commission") filed a notice (Docket No. 17) advising the Court that, on October 30, 2009, the Commission issued a policy statement entitled "FTC Extended Enforcement Policy: Identity Theft Red Flags Rule" (the "October 30, 2009 Extended Enforcement Policy").  Under the October 30, 2009 Extended Enforcement Policy, the Commission has deferred enforcement of the Red Flags Rule, 16 C.F.R. § 681.1, against all financial institutions and creditors subject to the Commission's enforcement jurisdiction until June 1, 2010.  The Commission's notice accurately explained that Plaintiff American Bar Association (the "ABA") did not object to the Court being notified of the Commission's October 30, 2009 Extended Enforcement Policy.

The ABA notes, however, that the October 30, 2009 Extended Enforcement Policy has no impact on the merits of this case.  The October 30, 2009 Extended Enforcement Policy, which was issued several hours after the Court released its amended Order (Docket No. 15) granting the ABA's Motion for Partial Summary Judgment (Docket No. 7), does not retract or modify the Commission's earlier statements that lawyers engaged in the practice of law are "creditor[s]" subject to the Red Flags Rule even though the express reference to "lawyers" found in previous

versions of the policy has been omitted.  In particular, footnote 2 of the October 30, 2009 Extended Enforcement Policy reads as follows:

> In FACTA, Congress imported the definition of creditor from the Equal Credit Opportunity Act ("ECOA") for purposes of the Fair Credit Reporting Act.  This definition covers all entities that regularly permit deferred payments for goods or services.  The definition thus has a broad scope and may include entities that have not in the past considered themselves to be creditors.  For example, creditors under the ECOA include *professionals*, merchants, and service providers that regularly provide a product or service for which the consumer pays after delivery.

October 30, 2009 Extended Enforcement Policy at 1 n.2 (emphasis added).

Therefore, the October 30, 2009 Extended Enforcement Policy in no way moots this controversy, nor did the Commission so argue in its notice to the Court.  *See also* Press Release, FTC Extends Enforcement Deadline For Identity Theft Red Flags Rule (Oct. 30, 2009) (copy attached) ("On October 30, 2009, the U.S. District Court for the District of Columbia ruled that the FTC may not apply the Red Flags Rule to attorneys.  Today's announcement that the Commission will delay enforcement of the Rule until June 1, 2010, does not affect the separate timeline of that proceeding and any possible appeals.").

Dated: November 4, 2009

Respectfully submitted,

PROSKAUER ROSE LLP

By:  _____/s/ Steven C. Krane_____
Steven C. Krane[*]

R. Thomas Howell, Jr.[*]
General Counsel
Patricia J. Larson[*]
Deputy General Counsel
AMERICAN BAR ASSOCIATION
321 N. Clark Street
Chicago, IL 60654
312.988.5215
312.988.5217 (fax)
thowell@staff.abanet.org
larsonp@staff.abanet.org

Kristen J. Mathews[*]
David A. Lewis[*]
Rebecca L. Ambrose[*]
1585 Broadway
New York, NY 10036-8299
212.969.3000
212.969.2900 (fax)
skrane@proskauer.com
kmathews@proskauer.com
dlewis@proskauer.com
rambrose@proskauer.com

By:       /s/ James F. Segroves
James F. Segroves (D.C. Bar No. 480630)
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
jsegroves@proskauer.com

*Counsel for Plaintiff American Bar Association*

*[*]Admitted Pro Hac Vice*